UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD EUGENE MOYER, JR.,

              Petitioner,              Case No. 1:14-cv-23

v.                                              Honorable Robert J. Jonker

SHIRLEE HARRY,

              Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

      I.      Factual Allegations

Petitioner Richard Eugene Moyer, Jr. presently is incarcerated at the Pugsley Correctional Facility. Following a jury trial in the Berrien County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct involving a person under 13, MICH. COMP. LAWS § 750.520b(1)(a). On June 11, 2007, he was sentenced to two prison terms of 25 to 75 years. Petitioner filed a post-judgment motion to grant a judgment of acquittal. He raised the following issue:

> I.      DEFENDANT'S FIRST-DEGREE CRIMINAL SEXUAL CONDUCT CONVICTIONS MUST BE VACATED BECAUSE THIS COURT LACKED JURISDICTION TO TRY A CASE WHERE THE CHARGES WERE FILED YEARS AFTER EXPIRATION OF THE STATUTE OF LIMITATIONS. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE ERROR.

(Pet. ¶ 11, docket #1, Page ID#3.) The motion for judgment of acquittal was denied on December 28, 2007.

During the pendency of his post-judgment motion, Petitioner filed a direct appeal of his convictions, raising the following two grounds:

> I.      COURT ABUSED ITS DISCRETION WHEN IT DECLINED THE DELIBERATING JURY'S REQUEST TO REVIEW TRIAL TESTIMONY . . .; COUNSEL INEFFECTIVE FOR FAILING TO OBJECT TO THE ERROR.
>
> II.     DEFENDANT MUST BE RESENTENCED AFTER THE PROBATION AGENT ERRONEOUSLY TOLD THE COURT THAT NO GUIDELINES WERE APPLICABLE.

(Pet. ¶ 9, Page ID#2.) Although the result of the post-judgment motion was docketed in the Michigan Court of Appeals, any appeal of that motion was concluded on March 3, 2008, after

appellate counsel indicated counsel did not intend to file a transcript. Instead, appellate counsel filed a motion seeking remand for resentencing. The motion seeking remand was denied on March 28, 2008, for lack of need for a remand at that time. *See* Mich. Ct. of App. Electronic Case Docketing System, Docket No. 279915, http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=2&PartyName=Moyer+Richard&CourtType_PartyName=3&PageIndex=0&PartyOpenOnly=0. In an unpublished decision issued December 18, 2008, the Michigan Court of Appeals affirmed Petitioner's convictions, but remanded the case for resentencing. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on June 17, 2009. *Id.*

On January 29, 2009, before the Michigan Supreme Court issued its decision, the Berrien County Circuit Court held a new sentencing hearing. The new judgment issued on February 2, 2009. On April 20, 2009, Petitioner appealed to the Michigan Court of Appeals. He raised a single issue in his second appeal:

I. DEFENDANT SHOULD BE RE-SENTENCED SINCE THE TRIAL COURT ERRED BY DEPARTING UPWARD FROM THE JUDICIAL SENTENCING GUIDELINES.

(Pet. ¶ 11, Page ID#3.) The court of appeals affirmed the sentence on July 15, 2010, and the Supreme Court denied leave to appeal on December 20, 2010.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph eleven of Petitioner's application, Petitioner appealed to the Michigan Court of Appeals and the Michigan Supreme Court, both after his initial judgment of conviction and after his revised judgment of conviction following resentencing. The Michigan Supreme Court denied his application seeking leave to appeal from the second judgment on December 20, 2010. Petitioner did not petition for

certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, March 21, 2011.

Petitioner had one year from March 21, 2011, or until March 21, 2012, in which to file his habeas application. Petitioner filed on or about December 30, 2013.[1] Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 30, 2013, and it was received by the Court on January 9, 2014. Thus, it must have been handed to prison officials for mailing at some time between December 30, 2013 and January 9, 2014. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has filed a motion and supporting brief (docket ##3, 4), asserting that he is entitled to equitable tolling. Petitioner argues that he attempted to file his petition on April 8, 2011, by delivering it for mailing to an officer at the Florence Crane Correctional Facility (ACF). He attaches a copy of his reimbursement request for legal postage, which confirms that he submitted a request to mail a document to this Court on that date and that the document was mailed on that same date. No filing was received by this Court. Petitioner contends that the documentation shows that an error at either the ACF mailroom or the United States Postal Service resulted in his petition not being timely filed. He argues that the error amounts to an extraordinary circumstance entitling him to equitable tolling. In an affidavit submitted in support of his motion (docket #5), Petitioner avers that he only learned of the error when he received a letter from the Clerk of this Court dated November 7, 2013, which was sent in response to Petitioner's inquiry mailed on November 5, 2013.

I will assume without deciding that Petitioner's documentation is sufficient to demonstrate the "extraordinary circumstance" prong of the *Pace-Holland* standard. Petitioner, however, has failed entirely to explain why he did not inquire as to the status of his April 8, 2011 petition until November 5, 2013, approximately two-and-one-half years after he believed it had been filed. Failing to monitor the status of a court filing does not demonstrate the requisite diligence to justify equitable tolling. *Elliot v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (citing *Coleman v. Johnson*, 184 F.3d 298, 402 (5th Cir. 1999)). A petitioner is not entitled to equitable tolling if he merely "passively await[s] decision" on legal proceedings. *See Miller v. Collins*, 305 F.3d 491,

495–96 (6th Cir. 2002). Instead, a petitioner must demonstrate that he exercised reasonable diligence in protecting his rights. *Robinson v. Easterling*, 424 F. App'x 439, 442-43 (6th Cir. 2011). Under the circumstances, Petitioner fails to demonstrate reasonable diligence entitling him to equitable tolling.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because Petitioner makes no allegation or factual showing that he is actually innocent of the offenses, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that Petitioner's motion for equitable tolling (docket #3) be denied. Because Petitioner is not entitled to equitable tolling, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: February 24, 2014 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).